UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

IN RE:                          )
                                )   CHAPTER 13 PROCEEDING
INOCENCIO MORENO,               )
                    Debtor.     )
                                )   CASE NO. 05 B 43497
                                )
                                )

**FINDINGS OF FACT, CONCLUSIONS OF LAW AND
MEMORANDUM OPINION ON CONTESTED
PROCEEDING BASED ON DEBTOR'S MOTION TO AVOID LIEN**

This proceeding relates to the Chapter 13 bankruptcy case filed by Inocencio Moreno ("Debtor") on October 14, 2005. This case was converted to one under Chapter 7 of the Bankruptcy Code on March 15, 2006. Debtor through his counsel has moved to avoid a judgment lien that was imposed pre-bankruptcy against his home located at 5150 South Lorel Avenue, Chicago, Illinois (the "Lorel Property") following a state court judgment in favor of Aetna Plywood Inc. ("Aetna") and against the Debtor and a company solely owned by the Debtor. The issue is properly raised by motion, Rule 4003(d) Fed.R.Bank.P., and became a contested matter under Rule 9014 Fed.R.Bankr.P.

The Debtor and his non-filing spouse purchased the Lorel Property on August 7, 2003 and own it as tenants by the entirety. The judgment was entered in favor Aetna on August 12, 2003. On August 21, 2003 Aetna filed a Memorandum of Judgment with the Recorder of Deeds recording said judgment on the Lorel Property.

Debtor argues that the existence of the lien on the Lorel Property impairs exemptions to which the Debtor would be entitled to under 11 U.S.C. § 522(b). Thus, the Debtor argues that any lien on the Lorel Property is avoidable under § 522(f)(1)(A) of the Bankruptcy Code as a

judicial lien which impairs the Debtor's claimed exemption in homestead property he owns with his non-debtor spouse as tenants by the entirety under Illinois law. The Debtor did not claim the tenancy by the entirety exemption in his schedules. However, Debtor may claim the exemption under 735 ILCS 5/12-112.

Aetna, the respondent, opposed Debtor's Motion to Avoid Lien arguing that the transfer of the Lorel Property to Debtor and his non-filing spouse as tenants by the entirety should be avoided as it was part of a series of actions taken by the Debtor solely to hinder and delay satisfying its debt to Aetna.

The matter was set for trial and evidence was taken.

For reasons described below, because Illinois law provides exemption of property owned in tenancy by the entirety and because Aetna did not satisfy its burden of proving that the transfer of the Lorel Property into tenants by the entirety was made with the sole intent to avoid the payment of debts, Aetna's judgment lien on Debtor's residence may be avoided under 11 U.S.C. § 522(f)(1)(A). An order to this effect will separately enter. This opinion will stand as Findings of Fact and Conclusions of Law on which that ruling is based.

## FINDINGS OF FACT

1. The Debtor filed his voluntary petition for relief under Chapter 13 of the Bankruptcy Code on October 4, 2005. The case was converted to one under Chapter 7 of the Bankruptcy Code on March 16, 2006.

2. Debtor is a construction worker and is not sophisticated in real estate or legal matters.

3. Today's Chicago Woodworking Company, a corporation solely owned by the Debtor, ordered building materials and supplies from Aetna on or about 2001. Debtor personally guaranteed the payment for these products.

4. Debtor accepted delivery of the building materials and supplies, but failed to pay for them. Debtor listed Aetna in his bankruptcy schedules as a creditor holding an unsecured nonpriority claim in the amount of $17,480.00. The Debtor does not dispute this debt owed to Aetna. (Jt. Ex. 10.)

5. Aetna sued the Debtor and Chicago Woodworking Co. on the unsecured loan in the Circuit Court of Cook County, Illinois (the "Circuit Court Litigation") on August 28, 2002. (Jt. Ex. 10.) The Debtor's spouse, Zoila Moreno, was not a party to the Circuit Court Litigation. Debtor did not file an answer in the Circuit Court Litigation and a default judgment was entered against the Debtor and Today's Chicago Woodworking Company on August 12, 2003.

6. Prior to the Circuit Court Litigation, Debtor, his non-filing spouse, and a friend of theirs, Alejandro Chavez ("Chavez"), owned a single family home located at 2419 South 61st Court, Cicero, Illinois (the "Cicero Property"). (Jt. Ex. 10.) Chavez' name was on the title and the mortgage in order to obtain the necessary financing to purchase the property. Id. On April 9, 2001, Chavez quit claimed his interest in the Cicero Property to Debtor and his spouse in joint tenancy. Id. The Cicero Property was then re-financed. Id. On May 25, 2003 Debtor and his spouse entered into a contract to sell the Cicero Property. Id. The Cicero Property was sold on July 29, 2003. Id. The Cicero Property was sold for $240,000.00. (Jt. Ex. 2.)

7. On August 7, 2003, subsequent to the sale of the Cicero Property, Debtor and his spouse purchased property located at 5150 South Lorel Ave., Chicago, Illinois (the "Lorel Property") for $228,000.00. (Jt. Ex. 7.) The Debtor and his spouse netted $100,232.12 from the sale of the Cicero Property. (Jt. Ex. 10.) Debtor and his spouse transferred $61,302.99 of those proceeds to purchase the Lorel Property. Therefore, the remaining balance of the net proceeds after purchase of the Lorel Property was $38,929.13. Debtor alleges that this remaining balance was used for living expenses. (Debtor's Findings of Facts ¶ 11), but did not account in detail for expenditures of that amount.

8. Debtor and his spouse paid $61,302.99 at the closing of their purchase of the Lorel Property following their payment of $2,000.00 as earnest money. (Jt. Ex. 10.) The deed to the Lorel Property was recorded on September 16, 2003. Id. Aetna recorded a memorandum of judgment on August 21, 2003 creating a lien on the Lorel Property when the deed to Debtors was recorded afterwards. Id. The lien of Aetna is a judicial lien. Id.

9. Debtor alleges that he purchased the Lorel Property so that his family could live in a better home in a better neighborhood and environment. (Debtor's Findings of Facts ¶ 13.) Debtor also alleges that the Lorel Property was located in a virtually gang free neighborhood, which was a major consideration as the Debtor and his spouse have two minor children and an eighteen-year-old daughter residing with them. Id. This testimony was not rebutted.

10. The Warranty Deed transferring the Lorel Property to Debtor and his spouse stated that the grantees were taking the residence in tenancy by the entirety.

4

11.     Statements of fact contained in the Conclusions of Law section shall constitute additional Findings of Fact.

## JURISDICTION

Subject matter jurisdiction lies under 28 U.S.C. § 1334. This matter is before the Court pursuant to 28 U.S.C. § 157 and Internal Operating Procedure 15(a) of the United States District Court for the Northern District of Illinois. Venue lies properly under 28 U.S.C. § 1409. This matter constitutes a core proceeding under 28 U.S.C. § 157(b)(2)(A) and (K).

## DISCUSSION

Debtor seeks to avoid the judgment lien on his Lorel Property pursuant to 11 U.S.C. § 522(f)(1)(A) and 735 ILCS 5/12-112. Liens on exempt property may be avoided under 11 U.S.C. § 522(f)(1)(A) which provides that a debtor may avoid the fixing of a judicial lien "on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled." 11 U.S.C. § 522(f)(1)(A). See also In re Vasquez, 205 B.R. 136, 137 (Bankr. N.D. Ill. 1997).

There are four requirements to avoid a judicial lien: (1) the lien the debtor seeks to avoid is a judicial lien; (2) the debtor claims an exemption in the property to which the debtor is entitled under § 522(b); (3) the creditor's lien impairs the debtor's exemption; and (4) the debtor has an interest in the property. In re Andres, 212 B.R. 306, 308 (Bankr. N.D. Ill. 1997).

### I.    A Judicial Lien Arises Against Entireties Property

The parties have agreed that Aetna obtained a judicial lien on Debtor's property. (Jt. Ex. 10.) A judicial lien is one "obtained by judgment, levy, sequestration, or other legal or equitable process or proceeding." 11 U.S.C. § 101(36). A lien filed and recorded with respect to property

5

held in tenancy by the entirety by a debtor and his non-debtor spouse fits this definition. See In re Allard, 196 B.R. 402, 407 (Bankr. N.D. Ill. 1996), aff'd sub nom. Great Southern Co. v. Allard, 202 B.R. 938 (N.D. Ill. 1996).

A judicial lien arises against entireties property and therefore Aetna obtained a lien to cover Debtor's interest in his residence even though he owns it with his non-filing spouse as tenants by the entirety. In re Mukhi, 246 B.R. 859, 862 (Bankr. N.D. Ill. 2000) (explaining that while Illinois law provides with respect to homestead property that judgment liens never come into existence against the homestead interest, homestead cases may not be applicable to the issue of a judgment lien on entireties property because a judgment against one tenant holding property as tenants by the entirety may give rise to a lien against that individual tenant's contingent future interests in the property).

## II.     Entireties Property is Exempt

Under 11 U.S.C. § 522(b), a debtor is allowed to exempt certain property from property of the bankruptcy estate. The Bankruptcy Code provides that a debtor may use the federal exemptions listed in 11 U.S.C. § 522(d), or the applicable state exemptions, unless state law provides otherwise. In Illinois, debtors are required to use the state authorized exemptions. See 735 ILCS 5/12-1201; In re Garcia, 149 B.R. 530, 533 (Bankr. N.D. Ill. 1993), aff'd, 155 B.R. 173 (N.D. Ill. 1993). Thus, the Debtor here may only exempt property under Illinois law or under federal law other than 11 U.S.C. § 522(d). 735 ILCS 5/12-1201.

A possible exemption for property held in tenancy by the entirety in Illinois is referenced in the Bankruptcy Code, which provides that a debtor may exempt from property of the estate: "... any interest in property in which the debtor had, immediately before the commencement of

6

the case, an interest as a tenant by the entirety or a joint tenant, to the extent that such interest as a tenant by the entirety or joint tenant is exempt from process under applicable nonbankruptcy law". 11 U.S.C. § 522(b)(2)(B).

An interest in property held in tenancy by the entirety is exempt from process under applicable Illinois law. See In re Mukhi, 246 B.R. 859, 863-64 (Bankr. N.D. Ill. 2000) and cases cited. Based upon review of opinions in this Circuit, Mukhi found that the language in the Illinois statute providing that property held in tenancy by the entirety "shall not be liable to be sold upon judgment" must mean that such property is exempt from being used to satisfy the debt of only one of the tenants. Id. Accordingly, it follows under Illinois law that there is an exemption for property held in tenancy by the entirety even when here the debt at issue is a debt of only one tenant. Additionally, unlike the Illinois homestead exemption statute, the tenancy by the entirety statute has no monetary limit. Id.; see also Allard, 196 B.R. at 409, and 735 ILCS 5/12-112.

Therefore, when any debtor asserts as exempt his entire equity in entirety property, that claim should prevail.

### III.  Debtor Claimed the Exemption

Debtor claimed his residence as exempt on his Bankruptcy Petition in Schedule C in the amount of $7,500 pursuant to 735 ILCS 5/12-901. Debtor, however, failed to claim on Schedule C any amount exempt as property held in tenancy by the entirety pursuant to 735 ILCS 5/12-112. Debtor now intends to claim the property wholly exempt under Illinois law because title to it is held under tenancy by the entirety. His failure to claim the Lorel Property as exempt on that basis on his schedules is irrelevant to the application of § 522(f). In re Johnson, 53 B.R. 919, 923

7

n. 7 (Bankr. N.D. Ill. 1985), upon reconsideration, 57 B.R. 635 (1986) (citing In re Yamamoto, 21 B.R. 58, 59 (Bankr. D. Haw. 1982)).

A debtor can avoid a lien to the extent that it impairs an exemption to which the debtor is entitled to exempt under § 522(d), and, as a result, claiming the actual exemption is unnecessary. In re Yamamoto, 21 B.R. 58, 59 (Bankr. D. Haw. 1982) (finding the fact that Debtors did not claim the garnished wages as an exemption irrelevant to the application of section 522(f) as under that section the debtor may avoid the fixing of a judicial lien to the extent that the lien impairs an exemption to which the debtor is entitled to exempt; thus, actual exemption is unnecessary).

Further, the purpose of claiming property exempt in bankruptcy schedules is to remove an asset from the reach of creditors. Fed. R. Bankr. P. 4003(a). "The result of filing inadequate schedules of exempt property is a limitation on the value debtors may receive for exempt assets in those categories." In re Rosenzweig, 245 B.R. 836, 841 (Bankr. N.D. Ill. 2000). In this case, assets of the Debtor are not being liquidated and distributed to the creditors of the Debtor. Therefore, it is irrelevant whether Debtor claimed the exemption on his schedules as it is not necessary for a trustee to determine the value the Debtor may receive for exempt assets.

### IV.   The Lien here Entirely Impairs the Claimed Exemption

With respect to the third and fourth requirements of 11 U.S.C. § 522(f)(1), this Court must determine whether and to what extent the judicial lien on Debtor's residence impairs his claimed exemption. Exempt property is impaired when the sum of the lien, all other liens on the property, and the amount of the exemption that the debtor could claim if there were no liens on

8

the property exceeds the value that the debtor's interest in the property would have in the absence of any liens. 11 U.S.C. § 522(f)(2)(A).

According to Debtor's schedules, Aetna's lien is $17,480. Debtor also has a mortgage lien on the Lorel Property in the amount of $169,811. Thus, there are liens on Debtor's residence totaling $187,291 plus interest thereon to date.

Each owner holding property as a tenant by the entirety in Illinois owns the whole real estate. Therefore, the value of the Debtor's interest in the Lorel Property, in the absence of any liens, is equal to the fair market value of the property. Since the Debtor's exemption rights under § 522(b)(2)(B) are reduced only by the mortgage debt of $169,811, and given the fact that the fair market value of the Lorel Property is $245,000, the difference of $75,189 is the amount of the exemption that the Debtor could claim if there were no liens on the Lorel Property. Adding this amount to the amount of Aetna's lien and the mortgage lien yields a sum of $262,480, which exceeds the $245,000 value of the Debtor's interest in the Lorel Property if lien free by $17,480, the exact amount of Aetna's lien. Aetna's lien is considered to impair the exemption to the extent of $17,480 and is, therefore, fully avoidable.

Finally, under § 522(b)(2)(B), Debtor must have "an interest" in the property. Under the property value asserted by the Debtor, the Debtor holds equity over the mortgage balance due, and he thereby clearly has "an interest" in the property.

### V. The Entireties Conveyance Was Not Solely to Avoid Debts

Aetna argues that Debtor's actions were made with the sole intent of hindering, delaying, and defrauding Aetna and to avoid payment to Aetna. Aetna thus argues that the transfer of the

Lorel Property into tenancy by the entireties should be avoided and Aetna's lien should remain valid, binding, and enforceable.

The tenancy by the entirety provision in the Illinois statute expressly includes its own standard to be used when a creditor challenges a transfer to that estate. Under the standard, property held in tenancy by the entirety cannot be sold to satisfy the debt of only one spouse, unless the property was transferred into tenancy by the entirety "with the **sole intent** to avoid the payment of debts existing at the time of the transfer beyond the transferor's ability to pay those debts as they become due." 735 ILCS 5/12-112 (emphasis supplied). This standard governs a challenge by a creditor of a transfer of property to tenancy by the entirety. Harris Bank St. Charles v. Weber, 298 Ill. App. 3d 1072, 1081, 700 N.E.2d 722 (1998); In re Stacy, 223 B.R. 132, 136 (N.D. Ill. 1998).

"Under the sole intent standard, if property is transferred to tenancy by the entirety to place it beyond the reach of the creditors of one spouse and to accomplish some other legitimate purpose, the transfer is not avoidable. Such a transfer, however, would be avoidable under the actual intent standard, which only requires any actual intent to defraud a creditor." Premier Property Management, Inc. v. Chavez, 191 Ill. 2d 101, 109-10, 728 N.E.2d 476, 481-82 (2000).

In this case, Aetna has not sustained its burden by proving by a preponderance of the evidence that the transfer of the Lorel Property into tenancy by the entirety was done with the sole intent to avoid the payment of its debt. There were legitimate family reasons for the purchase of that new home.

The timing of Debtor's actions in this case do appear suspicious. On May 25, 2003 Debtor entered into a contract to sell the Cicero Property. The Debtor and his spouse did not

own the Cicero Property as tenants by the entirety. On August 7, 2003, Debtor and his spouse transferred a portion of the proceeds from the sale of the Cicero Property to purchase the Lorel Property. The Lorel Property was transferred to the Debtor and his spouse as tenancy by the entireties. Five days later, a default judgment was entered against the Debtor and a memorandum of judgment was recorded on August 21, 2003.

Debtor, however, testified that the purpose of moving to the Lorel Property was because it was a much safer neighborhood with less gang activity. That testimony was not rebutted. Considering the fact that Debtor and his spouse have two minor children and an eighteen-year-old daughter residing with them, Debtor's decision to move into a better neighborhood seems based on sensible family reasons.

Aetna offered no evidence to refute Debtor's contention. Therefore, while the timing of Debtor's actions may appear suspicious, Aetna has not satisfied its burden in proving by a preponderance of the evidence that Debtor's purchase of the Lorel Property was done with the "sole intent" to avoid the payment of the debt owned to Aetna. See 735 ILCS 5/12-112. Nor did it ever allege actual fraud by Debtor, let alone prove it.

## CONCLUSION

For reasons stated, and pursuant to separate order, Debtor's motion to avoid lien will be granted under 11 U.S.C. § 522(f)(1)(A).

ENTER:

Jack B. Schmetterer
United States Bankruptcy Judge

Entered this _____ day of September 2006.

11

## CERTIFICATE OF SERVICE

I, Dorothy Clay certify that on September __20__, 2006, I caused to be mailed by United States first class mail copies of the foregoing FINDING OF FACT, CONCLUSIONS OF LAW AND MEMORANDUM OPINION to the following:

Martin Y. Joseph, Esq.
1541 West Chicago Avenue
Chicago, IL 60622

Susan J. Notarius, Esq.
Kluever & Platt, LLC
65 East Wacker Place
Suite 1700
Chicago, IL 60601

Inocencio Moreno
5150 South Lorel Avenue
Chicago, IL 60638

_____Dorothy Clay_____
Secretary/Deputy Clerk